IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EMMANUEL ADEYINKA,

Plaintiff,

v.

BOTTLE DROP REDEMPTION CENTER,

Defendant.

Case No. 3:25-cv-01797-SB

**OPINION AND ORDER**

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Emmanuel Adeyinka ("Adeyinka"), a self-represented litigant, filed this action against Defendant Bottle Drop Redemption Center ("Bottle Drop"), alleging Age Discrimination in Employment Act ("ADEA") claims. Bottle Drop now moves to dismiss this case with prejudice for lack of personal jurisdiction based on insufficient service of process under Federal Rule of Civil Procedure ("Rule") 12(b)(5). For the reasons explained below, the Court denies Bottle Drop's motion to dismiss and extends the time for service.

///

///

///

**BACKGROUND**

Adeyinka was employed by Bottle Drop in Portland, Oregon for three days in June 2025. (Am. Compl. at 2, ECF No. 4.) Adeyinka alleges that he experienced a pattern of workplace harassment beginning on June 25, 2025. (*Id.* at 2.) Specifically, Adeyinka claims that a manager yelled at him. (*Id.* at 3.) Adeyinka requested that the manager stop, but the abusive behavior persisted. (*Id.*) On June 27, 2025, Adeyinka's supervisor told him to clock out and leave. (*Id.*) Adeyinka alleges that his supervisor was unable to explain his termination and therefore he must have been terminated due to his age. (*Id.*) He was forty-five years old at the time.[1] (*Id.* at 2.)

Adeyinka filed his original complaint on October 2, 2025. (ECF No. 1.) Between October 6, 2025 and October 7, 2025, Adeyinka filed three amended complaints. (ECF Nos. 4-5, 11.) On October 15, 2025, the Court ordered "that the operative complaint at this time is Adeyinka's

[1] Adeyinka has filed several cases in this district, most of which were dismissed at the pleading stage. *See, e.g.*, *Adeyinka v. Barrs et al.*, No. 3:19-cv-00943-YY (D. Or. filed Jun. 14, 2019); *Adeyinka v. Sherman County, Oregon et al.*, No. 3:21-cv-01672-SI (D. Or. filed Nov. 18, 2021); *Adeyinka v. First Jud. Dist. of Tex.*, No. 3:23-cv-01334-HZ (D. Or. filed Sep. 13, 2021); *Adeyinka v. Township Bldg. Servs.*, No. 3:21-cv-01851-SI (D. Or. filed Dec. 20, 2021); *Adeyinka v. Los Angeles et al.*, No. 3:22-cv-00905-AR (D. Or. filed Jun. 21, 2022); *Adeyinka v. Equifax et al.*, No. 3:22-cv-00918-JR (D. Or. filed June 23, 2022); *Adeyinka v. Empire Towing and Transp.*, No. 3:23-cv-00317-YY (D. Or. filed Mar. 6, 2023); *Adeyinka v. Lucas*, No. 3:23-cv-00344-SB (D. Or. filed Mar. 9, 2023); *Adeyinka v. Driver et al.*, No. 3:23-cv-00393-JR (D. Or. filed Mar. 20, 2023); *Adeyinka v. Project Home*, No. 3:23-cv-01421-SI (D. Or. filed Mar. 29, 2023); *Adeyinka v. Portland Rescue Mission*, No. 3:23-cv-00503-SB (D. Or. filed Apr. 7, 2023); *Adeyinka v. Norcor Corrs.*, No. 3:23-cv-00516-YY (D. Or. filed Apr. 10, 2023); *Adeyinka v. KC Car Inc. et al.*, No. 3:23-cv-00605-YY (D. Or. filed Apr. 25, 2023); *Adeyinka v. Perfect Privacy LLC*, No. 3:23-cv-00618-YY (D. Or. filed Apr. 27, 2023); *Adeyinka v. Spring Branch Mem'l Hosp. et al.*, No. 3:23-cv-01166-YY (D. Or. filed Aug. 9, 2023); *Adeyinka v. Triple J Towing*, No. 3:23-cv-01327-YY (D. Or. filed Sep. 12, 2023); *Adeyinka v. State of Texas*, No. 3:23-cv-01342-HZ (D. Or. filed Sep. 14, 2023); *Adeyinka v. Tex. Vital Statistics*, No. 3:23-cv-01350-HZ (D. Or. filed Sep. 18, 2023); *Adeyinka v. Sherman County et al.*, No. 3:23-cv-01371-IM (D. Or. Sep. 20, 2023); *Adeyinka v. Fred Meyer Stores, Inc. et al.*, No. 3:25-cv-00223-SB (D. Or. filed Feb. 10, 2025); *Adeyinka v. Hendrie et al.*, No. 3:25-cv-01594-SB (D. Or. filed Sep. 5, 2025); *Adeyinka v. Urban Alchemy et al.*, No. 3:26-cv-00117-SI (D. Or. filed Jan. 20, 2026); *Adeyinka v. City of Portland*, No. 3:26-cv-00285-SI (D. Or. filed Feb. 12, 2026).

amended complaint (ECF No. 4), and Adeyinka must comply with Rule 15 for any further amendments." (ECF No. 13.)

On October 15, 2025, the Court ordered Adeyinka to prepare a summons and accompanying documents for the U.S. Marshals to serve Bottle Drop. (ECF No. 14.) Adeyinka filled out the forms and included the address for Bottle Drop's Gresham facility, not its registered agent for service of process. (ECF No. 19.) On April 10, 2026, Adeyinka filed another amended complaint, accompanied by a certificate and declaration of service. (ECF Nos. 34-36.) On the same day, Adeyinka alleges that he delivered a copy of his latest complaint and related discovery documents to Bottle Drop's counsel of record via email, fax, and physical service at Bottle Drop's address of record.[2] (ECF Nos. 35-36.)

## LEGAL STANDARDS

Rule 12(b)(5) authorizes a defendant to file a motion asserting the defense of insufficient service of process. *See* FED. R. CIV. P. 12(b)(5). "A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with [Rule] 4." *Bank of N.Y. Mellon v. Loyo-Morales*, No. 21-16041, 2022 WL 1616980, at *1 (9th Cir. May 23, 2022) (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986)).

"Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) (first citing 4A Charles Alan Wright et al., *Federal Practice and Procedure* § 1083 (3d ed. 2002 & Supp. 2003); and then citing *Butcher's Union Loc. No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 538 (9th Cir. 1986)); *see also* *Vela v. Murphy*, 362 F. App'x 624, 625 (9th Cir. 2010) (holding that the plaintiff "failed to carry his burden under federal law to prove that he delivered a copy of the summons

[2] Adeyinka's amended complaints did not comply with the Court's Order (ECF No. 14) and therefore Adeyinka's first amended complaint (ECF No. 4) remains the operative complaint.

and the complaint to an individual authorized to receive it on [the corporate defendant's] behalf under Rule 4(h)(1)" (citing *Butcher's Union Loc. No. 498*, 788 F.2d at 538)). In evaluating whether service was valid, a district court may consider evidence outside of the pleadings. *See, e.g.*, *Smith v. Portland Police Bureau*, No. 3:22-cv-00946-HZ, 2022 WL 18077696, at *2 (D. Or. Dec. 28, 2022) ("The court may consider evidence outside the pleadings in resolving a Rule 12(b)(5) motion.") (citation omitted).

**DISCUSSION**

Defendant moves to dismiss this case with prejudice for insufficient service of process. (*See* Def.'s Mot. Dismiss Insufficient Serv. Process ("Def.'s Mot.") at 8-9, ECF No. 39; Decl. Erica Vega Supp. Def.'s Mot. Dismiss, ECF No. 140; Def.'s Reply Supp. Def.'s Mot. Dismiss at 1, ECF No. 51.) Adeyinka responds that service was proper because Defendant received actual notice of the case and suffered no prejudice. (Pl.'s Resp. Opp'n Def.'s Mot. Dismiss at 2, ECF No. 42.)

The Court finds that Adeyinka failed properly to serve Bottle Drop under either federal or state rules. Adeyinka supplied the U.S. Marshals with an incorrect complaint (ECF No. 5 rather than the operative complaint, ECF No. 4), provided an incorrect address for service, and did not otherwise effect service reasonably calculated to provide Bottle Drop with legally sufficient notice. *See* *United States v. 4268 L.A. Ave. Simi Valley Cal. 93063*, 672 F. App'x 770, 770 (9th Cir. 2017) ("When a defendant is a corporation, service is proper when copies of the [summons] and complaint are delivered to 'any . . . agent authorized by appointment or by law to receive service of process[.]'" (quoting FED. R. CIV. P. 4(h)(1)(B)); *Vela*, 362 F. App'x at 625 (holding that the plaintiff "failed to carry his burden under federal law to prove that he delivered a copy of the summons and the complaint to an individual authorized to receive it on [the defendant's] behalf under Rule 4(h)(1)") (citation omitted).

Further, "'actual notice' does not 'subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4.'" *Lietz v. Drug Enf't Admin.*, No. 23-35603, 2025 WL 289169, at *1 (9th Cir. Jan. 24, 2025) (quoting *Jackson v. Hayakawa,* 682 F.2d 1344, 1347 (9th Cir. 1982)); *see also Child.'s Health Def. v. Meta Platforms, Inc.*, 112 F.4th 742, 768 (9th Cir. 2024) (explaining that "actual notice of th[e] litigation . . . is not a substitute for service of process under [Rule] 4") (citation omitted). Due to Adeyinka's improper service of process, the Court lacks personal jurisdiction over Bottle Drop.

Although Adeyinka has not demonstrated good cause for his failure properly to serve Bottle Drop, the Court finds excusable neglect here because Adeyinka is a self-represented plaintiff, the rules about service on a corporation are not necessarily clear to a layperson, and the multiple versions of the complaint on the docket created reasonable confusion. If the Court finds excusable neglect, the Ninth Circuit has identified several "equitable factors" that a district court should consider in deciding whether to extend time to complete service, "including a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Scott v. Sebelius*, 379 F. App'x 603, 604 (9th Cir. 2010) (citation omitted).

If the Court dismisses this case, even without prejudice, the applicable statute of limitations would likely bar Adeyinka's ADEA claims if he filed a new case. *See O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1111 (9th Cir. 2006) ("The Title VII and the ADEA claims asserted in [the plaintiff]'s second complaint are untimely, however, because she filed her second complaint more than ninety days after the EEOC's issuance of her right-to-sue letter. [The plaintiff]'s second complaint does not 'relate back' to her first complaint because her second complaint was not an 'amendment' to her first complaint, but rather a separate filing." (first citing 42 U.S.C. § 2000e–5(f)(1); then citing 29 U.S.C. § 626(e); and then citing FED. R. CIV. P.

15(c)(2))); *see also id.* ("In instances where a complaint is timely filed and later dismissed, the timely filing of the complaint does not 'toll' or suspend the 90-day limitations period. In such cases, dismissal of the original suit, even though labeled as without prejudice, nevertheless may sound the death knell for the plaintiff's underlying cause of action if the sheer passage of time precludes the prosecution of a new action.") (simplified).

The Court acknowledges that Bottle Drop has also suffered prejudice as a result of Adeyinka's failure to effect proper service, including by expending resources to engage in motion practice. However, balancing each side's prejudice, along with Bottle Drop's actual notice of the action, Adeyinka's self-represented status, and the likelihood that service can now be completed, the Court concludes that allowing an extension of time is appropriate. *See Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009) (finding that the plaintiffs "demonstrated excusable neglect" and extending time for service where the plaintiffs were time-barred from re-filing their claims) (citations omitted).

In an effort to move forward efficiently, reduce the likelihood of confusion and further delay, and allow the Court to evaluate if Adeyinka has stated a claim, the Court orders Adeyinka to file a fifth amended complaint prior to serving Bottle Drop. The Court advises Adeyinka that his fifth amended complaint will operate as a complete substitute for the prior complaints, not as a supplement. The Court will screen the fifth amended complaint before ordering the U.S. Marshals to serve the complaint or requiring Bottle Drop to respond. *See Pratt v. U.S. Fish & Wildlife Serv.*, No. 3:19-cv-00382-SB, 2019 WL 3763766, at *1 (D. Or. May 31, 2019) ("A district court must perform a preliminary screening of an *in forma pauperis* action and dismiss any claims that fail to state a claim upon which relief may be granted, are frivolous or malicious, or seek monetary relief against a defendant who is immune from such relief." (citing 28 U.S.C. §

1915(e)(2)(B))), *findings and recommendation adopted*, 2019 WL 5858183 (D. Or. Sept. 6, 2019).

## CONCLUSION

For the reasons stated, the Court DENIES Bottle Drop's motion to dismiss (ECF No. 39) and extends Adeyinka's deadline to serve Bottle Drop. Within **twenty-one days** of the filing date of this Order, the Court ORDERS Adeyinka to:

(1) File a fifth amended complaint. The fifth amended complaint must be a complete substitute for all prior complaints and may not incorporate prior pleadings by reference.

(2) Prepare an original summons for Bottle Drop via its registered agent authorized to accept service at its principal place of business and submit it to the Clerk of Court for issuance.

(3) Provide the original and service copies of the issued summons and the fifth amended complaint.

(4) Complete the U.S. Marshals Service Form (USM285) for Bottle Drop and submit it to the Clerk of Court.

The Court directs the Clerk of Court to include new summons and USM285 forms with a copy of this Order. The Court warns Adeyinka that failure to comply with the Court's Order will result in dismissal of this case.

DATED this 31st day of August, 2026.

Stacie F. Beckerman

HON. STACIE F. BECKERMAN
United States Magistrate Judge